IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED
2020 OCT 22 PM 2:09
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT |
| v. | Case No. 20 CR 137 WMC |
| MICHAEL EISENGA, | 18 U.S.C. § 1344(2) |
| | 18 U.S.C. § 2 |
| | 18 U.S.C. § 981(a)(1)(C) |
| Defendant. | 18 U.S.C. § 982 |
| | 28 U.S.C. § 2461(c) |

THE GRAND JURY CHARGES:

### COUNT 1

1. At times material to this indictment:

    a. Defendant MICHAEL EISENGA operated CCC Lot 2, LLC, a limited liability company with its principal place of business in Columbus, Wisconsin.

    b. Alliant Credit Union (Alliant) was a financial institution, as defined in Title 18, United States Code, Section 20, with a location in Rolling Meadows, Illinois, the accounts of which were insured by the National Credit Union Share Insurance Fund.

2. During the period from in or before August 2016 to on or about January 16, 2019, in the Western District of Wisconsin and elsewhere, the defendant,

MICHAEL EISENGA,

with the intent to defraud, engaged in a scheme to defraud Alliant and to obtain money owned by Alliant and under their custody and control, by means of materially false and

fraudulent pretenses and representations as set forth below, knowing that said pretenses and representations were false when made.

3. It was part of the scheme to defraud that on behalf of CCC Lot 2, EISENGA sought a mortgage loan from Alliant for commercial properly located in Columbus, Wisconsin. In connection with the loan application, EISENGA falsely represented to Alliant that CCC Lot 2 had already secured Festival Foods, Inc. as a tenant for the property through a 20-year lease agreement and that another company, Supervalue Holdings, Inc., had guaranteed the lease.

4. It was further part of the scheme to defraud that EISENGA provided Alliant with two signed documents he represented to be CCC Lot 2's lease with Festival Foods, Inc. and the guarantee from Supervalue Holdings, Inc., however neither of the documents were genuine. No lease ever existed between CCC Lot 2 and Festival Foods, Inc., and Supervalue Holdings, Inc. never guaranteed any lease with CCC Lot. 2.

5. Relying on EISENGA's false representations and documents, Alliant approved CCC Lot 2 for the loan on February 2, 2017. The loan closed on March 3, 2017, and Alliant paid out loan proceeds of approximately $6.9 million.

6. It was further part of the scheme to defraud that on January 16, 2019, after CCC Lot 2 defaulted on the loan, EISENGA provided Alliant with a Lease Cancellation Agreement, purporting to be an agreement terminating CCC Lot 2's lease with Festival Foods, Inc., effective February 28, 2018, however the document was not genuine.

7. On or about March 3, 2017 in the Western District of Wisconsin, the defendant,

MICHAEL EISENGA,

knowingly executed the above-described scheme by signing the loan closing documents on behalf of CCC Lot 2 at a title company in Madison, Wisconsin.

(All in violation of Title 18, United States Code, Sections 1344(2) & 2).

FORFEITURE ALLEGATION

1. The allegations above are re-alleged and incorporated here for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982 and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in COUNT 1, the defendant, MICHAEL EISENGA, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982, and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud described above. The property to be forfeited includes, but is not limited to, the following:

   a. Money Judgment – a sum of money equal to $6.9 million in United States currency, representing the amount of proceeds obtained as a result of the scheme to defraud.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

        d.        has been substantially diminished in value; or

        e.        has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
PRESIDING JUROR

Indictment returned: 10/22/2020

_____
SCOTT C. BLADER
United States Attorney