# CHRISTOPHER T. VAN WAGNER
**110 EAST MAIN STREET, SUITE 705**
**MADISON, WISCONSIN 53703**
**(608) 284-1200 FAX (608) 284-1260**

www.vanwagnerlaw.com                                             chris@chrisvanwagner.com

June 21, 2021

Hon. William M. Conley, U.S. District Judge
U.S. District Court, W.D. Wisconsin
120 N. Henry Street
Madison, Wisconsin 53703

        **Re:**     U.S. v. Michael Eisenga (Case No. 20-CR-137-WMC)
                     **Sentencing letter-memo**

Dear Judge Conley:

       This will be a very brief letter-memo setting out some information and some brief comments for the Court's consideration at sentencing tomorrow. I will also be filing a separate statement my client, Mike Eisenga, has written. We will start by noting the sentence we ask this Court to impose, and then lay out reasons we think it is appropriate.

       **Sentence Requested**: Probation is not an option here, given the nature of the conviction. We ask this Court to order a prison sentence of one year and one day. That is notably below the applicable guideline range, but we suggest that in the particular circumstances of this case, it is not so little as to depreciate the seriousness of the offense.

       **Rationale**: The less time Mike is away from his businesses – already profitable *and* very likely to increase profitability with the reduced impact of coronavirus (the pandemic practically emptied assisted living facilities like his), the more he will be able to keep his operating costs down and raise his repayments to Alliant as high as possible. In contrast, the longer he is away and thus not running them (with his irrepressible hands-on energy), the less the chance he can keep them going profitably in the long run. Such a sentence will permit Mike to return to his "24/7/365" business helm and, by doing so under the close scrutiny of the probation office (and, if needed, this Court) notably increases the chances that Alliant can be made whole. As some of his employees and family members have noted, and as the presentence report may suggest, Mike can be very good at running his businesses and making the kind of money needed to repay Alliant in full. Few have his energy, talent and foresight.

       Some of the letters submitted to the Court suggest Mike must have been in a desperate place in order to do what he did here; indeed, that may be a fair assessment. In his lifetime, Mike clearly has had plenty of talent, foresight and energy to build a business and make it go, and those letter-writers may not be wrong. He was always the optimist; he is, still.

___
*CRIMINAL TRIAL LAWYER*
**FEDERAL & STATE CRIMES**            **DRUNK DRIVING**            **FELONIES & MISDEMEANORS**

**CHRISTOPHER T. VAN WAGNER**
110 EAST MAIN STREET, SUITE 705
MADISON, WISCONSIN 53703
(608) 284-1200 FAX (608) 284-1260

www.vanwagnerlaw.com                                     chris@chrisvanwagner.com

But his then-sprawling enterprises were hit hard when the mortgage industry cratered, as his mortgage business had been a major engine driving his varied businesses. Thus he began a previously unknown downhill financial slide.

As Mike now admits (through a far greater self-awareness that results from the humbling he gave himself with this crime), his optimism about future success even outstripped his energy and his commitment to his work. He also now sees that he let personal and professional pride get in the way of good, sound legal and moral judgment. So, as he was developing the property in Columbus, while facing what should have been the bankruptcy court door, instead he planned a scheme that was so unfathomably discoverable as to be almost incredible: he faked a lease for a major grocery store chain that he knew was not going to open in his facility. He did so, criminally as he fully admits, in order to obtain the financing needed to develop and open an anchor grocery store. In doing so, he allowed two or three optimistic grocery store market studies to convince him that if he could get the store built and opened, within three years it would be so successful he could refinance the fraudulent loan with Alliant, do so legitimately, without fakery or fraudulent documents, Aliant would be paid in full, no one would be hurt, and everyone would be paid.

He is going to prison, though, because the ends-means justification does not work as well as one thinks when one is a desperate but inveterate optimist.

There is one part of the story, though, which does not come through in the presentence report, and yet it reflects the moment in time when Mike took full responsibility and truly started the hard, long and knowingly painful process of openly digging out of the fraud hole he dug. He knew that Alliant was asking questions about the lease and the store, as he had fallen behind; those market studies did not pan out as Mike had hoped. So he visited not one but two local lawyers well known for federal criminal defense. He was looking for advice as to what to do now that his fraud was going to be revealed. This was in the fall of 2018. The first two he visited sent him on his way without any advice other than to "wait."

Then he contacted current counsel, on February 6, 2019. Undersigned counsel reviewed the situation, including the faked documents and the fraudulent claim of a national grocery chain lease. And less than 48 hours later, on advice of counsel, Mike fully, unflinchingly authorized counsel to make immediate, complete, truthful disclosure to in-house counsel at Alliant. Counsel did so. And the criminal investigation started as a result of that disclosure.

While that process was ongoing, Mike engaged good civil lawyers to do everything possible not to *avoid* the debt but to maximize ability to repay. On the surface, perhaps, things they did may have looked otherwise, but that was their goal at all times.

**CHRISTOPHER T. VAN WAGNER**
110 EAST MAIN STREET, SUITE 705
MADISON, WISCONSIN 53703
(608) 284-1200 FAX (608) 284-1260

www.vanwagnerlaw.com                                                  chris@chrisvanwagner.com

In fact, Mike has tried to make regular payments since the February 2019 date on which he authorized current counsel to disclose his fraud to Alliant. He has known since that February day that he would face this sentencing and some time in prison. But despite that, he did all he could to maintain and increase the success of his businesses. As a result, he does have substantial ability to repay – if he is able to keep them going while gone and on his return prison. A few weeks ago, Mike (via counsel) also sought government permission to liquidate his unpledged assets (valued as high as perhaps $200,000) and pay those proceeds over to Alliant – which he plans to while awaiting a report date (if he is granted a stay and report date). It was just last week when the prosecutor authorized Mike to liquidate those assets and pay them into the clerk as restitution, so Mike has just begun that process. (He needed authorization per his release order.)

For these reasons, we respectfully suggest that the sentence we seek does properly and sufficiently meet the need for sufficient punishment while also maximizing Mike's ability to make the victim whole during and after prison. His willingness to blow the whistle on himself, coming admittedly as the threads of his fraud began to show bare, was nonetheless an important early step in his acceptance of responsibility. He then spent the interim period, while waiting for this case, doing all he could to make his businesses successful and thereby leave him with the means to repay Alliant in full, every dime, before his period of supervision is done.

As for special conditions, our request is for the Court to request the financial restrictions be administered in a way that assures full financial accountability but also allows Mike while on release to operate his businesses in as profitable a manner as possible.

Thank you for your consideration of this submission.

                                  Respectfully submitted,

                                  */s/ (electronically signed)*

                                Christopher T. Van Wagner

cc:    AUSA Duchemin (via ecf)
       SUSPO Rich Williams (via ecf)

_____
*CRIMINAL TRIAL LAWYER*
**FEDERAL & STATE CRIMES**         **DRUNK DRIVING**         **FELONIES & MISDEMEANORS**