# United States District Court

## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:20CR00137-001 |
| Michael Eisenga | **Defendant's Attorney:** Christopher Van Wagner |

Defendant, Michael Eisenga, pleaded guilty to Count 1 of the indictment.

Defendant has been advised of his right to appeal.

**ACCORDINGLY**, defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1344(2) & 2 | Loan Fraud, Class B felony | January 16, 2019 | 1 |

Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, defendant shall notify the court and United States Attorney of any material change in defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | ▮ 1971 | June 23, 2021 |
| **Defendant's USM No.:** | 22263-509 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | ▮ <br>Columbus, WI 53925 | /s/ William Conley |
| **Defendant's Mailing Address:** | Same as above | William M. Conley <br> District Judge |
| | | June 29, 2021 <br> Date Signed: |

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: MICHAEL EISENGA<br>CASE NUMBER: 0758 3:20CR00137-001 | Judgment - Page 2 |

## IMPRISONMENT

As to Count 1 of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of 42 months. It is recommended that he be placed at an appropriate institution as close to his children in Columbus, Wisconsin, as possible.

I also recommend that defendant be afforded prerelease placement in a residential reentry center with work release privileges.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment is stayed until July 30, 2021, between the hours of noon and 2:00 p.m., when defendant is to report to the designated institution which will be identified by further court order. The present release conditions are continued until his voluntary surrender on July 30, 2021.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

## RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case: 3:20-cr-00137-wmc   Document #: 40   Filed: 06/29/21   Page 3 of 6

| | DEFENDANT: MICHAEL EISENGA | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: 0758 3:20CR00137-001 | Judgment - Page 3 |

# SUPERVISED RELEASE/PROBATION

Defendant's term of imprisonment is to be followed by a five-year term of supervised release during which he will be subject to the statutory mandatory conditions of supervision. In light of the nature of the offense and defendant's personal history, I adopt condition numbers 1 through 4 and 7 through 16 as proposed and justified in the presentence report, noting that neither party has raised any objections to those proposals.

If, when defendant is released from confinement to begin his term of supervised release, either he or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

The instant offense is not drug related and defendant has no history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

### Standard Conditions of Supervision

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Not imposed;

6) Not imposed;

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: MICHAEL EISENGA<br>CASE NUMBER: 0758 3:20CR00137-001 | Judgment - Page 4 |

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame; and

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

## Special Conditions of Release

13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

14) Refrain from incurring new credit charges, opening additional lines of credit, or opening other financial accounts without the prior approval of the supervising U.S. Probation Officer.

15) Not transfer, give away, sell or otherwise convey any asset worth more than $200 without the prior approval of the supervising U.S. Probation Officer.

16) Refrain from seeking or maintaining any employment that includes unsupervised financial or fiduciary-related duties without the prior approval of the supervising U.S. Probation Officer.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant                                                          Date

_____     _____
U.S. Probation Officer                                        Date

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $4,027,035.51 |
| **Total** | $100.00 | $0.00 | $4,027,035.51 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. He is encouraged to honor his agreement to pay this obligation by the day of sentencing. Failure to pay the assessment may result in preclusion from certain programming while confined in the federal prison system.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his minor children upon release from custody when considering the substantial restitution obligation.

## RESTITUTION

Defendant is to pay mandatory restitution in the amount of $4,027,035.51 to the U.S. Clerk of Court for the Western District of Wisconsin to be disbursed to the victim as follows:

    Alliant Credit Union
    11545 West Touhy Avenue
    Chicago, Illinois 60666

Defendant does not have the economic resources to allow himself to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Pursuant to 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $250 each month, beginning within 30 days of his release. Defendant shall notify the court and the United States Attorney General of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution.

No interest is to accrue on the unpaid portion of the restitution.

In addition, the clerk's office is directed to enter a final money judgment in the amount of $4,027,035.51 consistent with the parties' plea agreement and this court's restitution authority.

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: MICHAEL EISENGA     CASE NUMBER: 0758 3:20CR00137-001     Judgment - Page 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

    (1) assessment;
    (2) restitution;
    (3) fine principal;
    (4) cost of prosecution;
    (5) interest;
    (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.