IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                            Case No. 20-CR-137-WMC

MICHAEL EISENGA,

          Defendant.

---

**REQUEST (In Motion Form) TO APPROVE A PLEDGE
TO OLD NATIONAL BANK OF ALL ASSETS OF
EISENGA-OWNED ENTITY ADVANTAGE MANAGEMENT**

---

      Michael Eisenga, defendant herein, and pursuant to an August 27, 2021 Amendment to Forbearance Agreement (between Advantage Management and Old National Bank) hereby requests that this Court approve a pledge of all assets of Advantage Management as security for Advantage Management's obligations to Old National Bank under a prior Loan, Forbearance Agreement and Amendment to that Forbearance agreement. Eisenga makes this formal request as required by Section 13 of that Amendment to Forbearance Agreement.

      In further support of this motion Eisenga states as follows:

      1.    Under an August 27, 2021 Amendment to Forbearance Agreement ("Amendment") between Old National and Advantage Management, Old National required that Eisenga make a request to this Court in this case, Eisenga's criminal case, for an order approving a pledge to Old National of all assets owned by Advantage Management.

2. At the time of that Amendment civil counsel for Eisenga informed Old National that Eisenga could not pledge any Advantage Management assets to Old National as part of the Amendment, due to the effect and terms of the judgment of conviction herein.

3. Eisenga, also through counsel, informed Old National that the Government viewed any such pledge as a form of transfer of ownership which the Government would oppose. The government advised undersigned criminal defense counsel via email of its view and its objection to any such pledge.

4. Despite these notifications, Old National insisted that the Amendment nonetheless require Eisenga to at least make this request for approval of such asset pledge. Hence, that requirement (the making of this request) is included in Paragraph 13 of that Amendment to Forbearance Agreement between Advantage Management and Old National.

5. That provision in Paragraph 13 makes clear that Eisenga cannot make any such pledge without this Court's approval, and hence Eisenga has done no such thing.

6. That provision in Paragraph 13 also makes clear that Old National has no remedy even if Eisenga makes this request and it is denied by this Court.

7. Hence, despite Eisenga's above described full disclosure and notice to Old National of both the Government's opposition to any such pledge and the fact that this Court would likely decline to approve any such pledge of Eisenga-controlled assets, Eisenga is nonetheless required to make this request to this Court or be in violation of the Amendment.

8. Hence, this Request, styled as a Motion to Approve Advantage Management Asset Pledge to Old National, is made solely so that Eisenga may satisfy the requirements of para. 13 of the Amendment to Forbearance Agreement between Advantage Management and Old National Bank.

WHEREFORE, for the foregoing reasons, Eisenga asks this Court to enter an appropriate order on this Request styled as a Motion, noting that Eisenga cannot make any pledge of any Advantage Management assets to Old National Bank under the terms of the judgment of conviction herein and noting, as well, that the Government unequivocally opposes any such order approving the described pledge.

Dated at Madison: October 25, 2021

                                  MICHAEL EISENGA, Defendant

By:

                                  */s/ (electronically signed 10/25/2021)*
                                  _____

                                  Christopher T. Van Wagner   (#1024361)
                                  Attorney for Defendant Eisenga
                                  110 East Main Street, Suite 705
                                  Madison, Wisconsin 53703
                                  (608) 284-1200